JOHN L. KRIEGER (Nevada Bar No. 6023)
jkrieger@lrlaw.com
JENNIFER K. CRAFT (Nevada Bar No. 8038)
jcraft@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398 fax

MARYA LENN YEE (New York Bar No. 4608)
(*pro hac vice application to be submitted*)
ANDREA L. CALVARUSO (New York Bar No. AC 0514)
(*pro hac vice application to be submitted*)
DONOVAN & YEE  LLP
The Soho Building
110 Greene Street, Suite 700
New York, New York 10012
(212) 226-7700

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MISS UNIVERSE L.P., LLLP, a Delaware limited liability limited partnership, <br><br> Plaintiff, <br><br> v. <br><br> ADAN S. PEREZ, and individual; LUZ S. BOLIVAR, and individual; and THE MISS MEXICO ORGANIZATION LLC, a Nevada limited liability company <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT** |

Plaintiff Miss Universe L.P., LLLP ("Miss Universe"), by and through its attorneys, brings this action against defendants Adan S. Perez ("Perez"), Luz S. Bolivar ("Bolivar"), and The Miss Mexico Organization LLC ("Miss Mexico") (collectively, "Defendants") and alleges as follows:

## THE PARTIES

1. Miss Universe is a Delaware Limited Liability Limited Partnership with a principal place of business at 1370 Avenue of the Americas, New York, New York 10019.

2. Upon information and belief, Defendant Perez is a United States citizen who resides at 6978 Emerald Springs Lane, Las Vegas, Nevada 89113, and has a principal place of business at 1504 South Maryland Parkway, Las Vegas, Nevada 89104.

3. Upon information and belief, Defendant Bolivar is a United States citizen and resident of the State of Nevada, with a principal place of business at 1504 South Maryland Parkway, Las Vegas, Nevada 89104.

4. Upon information and belief, Defendant Miss Mexico is a Nevada limited liability company with a principal place of business at 1504 South Maryland Parkway, Las Vegas, Nevada 89104 and is jointly owned by Defendants Perez and Bolivar.

5. Upon information and belief, Defendant Perez is a founder and Chief Executive Officer of Defendant Miss Mexico and is a dominant and controlling force in the infringing activities complained of herein.

6. Upon information and belief, Defendant Bolivar is a founder and Executive Director of Defendant Miss Mexico and is a dominant and controlling force in the infringing activities complained of herein.

7. Upon information and belief, Adaluz Enterprises, Inc. was the predecessor corporation to Defendant Miss Mexico owned jointly by Perez and Bolivar, which was organized as a corporation under the laws of the State of Nevada and was dissolved on or about May 30, 2003.

## JURISDICTION AND VENUE

8. Miss Universe brings this action under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. (the "Copyright Act"), the Lanham Trade-Mark Act, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), and the laws of the Nevada, including N.R.S. § 600.435 and N.R.S. § 598.0915 et seq., against Defendants for, *inter alia*, willful infringement of Miss Universe's registered

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1

1  copyright and trademarks, unfair competition and false designation of origin or sponsorship, common law trademark infringement, and trademark dilution and disparagement.

9. This Court has jurisdiction pursuant to Sections 39(a) of the Lanham Act and 28 U.S.C. § 1331 and 1338 over causes of action arising under the Lanham Act 15 U.S.C. § 1114(1), 1125(a) and (c) and Sections 501, et seq. of the Copyright Act, and pursuant to 28 U.S.C. § 1338 and 1367 over causes of action created by the laws of the State of Nevada.

10. Venue is proper under 28 U.S.C. § 1391(b) and (c) in that each of the Defendants conduct business in this District, a substantial portion of the activity of which Plaintiff complains took place in this District, Defendants are subject to personal jurisdiction in this District, and the individual Defendants are conscious, active and dominant forces in the infringing activity complained of herein. Venue lies in the unofficial Southern division of this Court.

**A.    PLAINTIFF'S MISS USA PROPERTY**

11. For over fifty years, Miss Universe and its predecessors-in-interest have used the MISS USA mark throughout the United States and the world in connection with beauty pageants and related goods and services (the "MISS USA Pageant"). The winner of the MISS USA Pageant competes in Miss Universe's international pageant against contestants from other countries.

12. Miss Universe is the owner of the following U.S. trademark and servicemark registrations for its MISS USA mark:

| Trademark | Registration No. | Registration Date | Class |
| --- | --- | --- | --- |
| MISS USA | 810421 | Jun. 28, 1966 | Int.28 |
| MISS USA | 808974 | May 24, 1966 | Int.35 |
| MISS USA PAGEANT | 847877 | Apr. 23, 1968 | Int.16 |
| MISS USA | 1710147 | Aug. 25, 1992 | Int.25 |
| MISS USA | 1601484 | Jun. 12, 1990 | Int.41 |
| MISS USA | 1372745 | Nov. 26, 1985 | Int.25 |

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1

13. All the above registrations are valid and subsisting and have become incontestable pursuant to Section 15 of the Lanham Act. 15 U.S.C. § 1065.

14. Miss Universe is also the owner of the U.S. trademark MISS TEEN USA (Reg. No. 1660124), and variant marks including the MISS [STATE] USA and MISS [STATE] TEEN USA Marks for all 50 states and the District of Columbia, which it licenses throughout the United States for organizing and conducting preliminary pageants to select contestants for the MISS USA and MISS TEEN USA national pageants. A list of some of these registrations is attached as Exhibit 1 hereto.

15. Plaintiff is also the owner of U.S. Trademark Registration No. 2, 877,681 for the unique design of its MISS USA Crown, which together with the MISS UNIVERSE Crown (U.S. Reg. No 2,838,874) and MISS TEEN USA Crown (U.S. Reg. No. 2,838,872) (collectively "Crown Designs"), was created exclusively as a work for hire for Plaintiff by Mikimoto, the world-famous luxury jeweler.

16. True copies of sample trademark registration certificates of the MISS USA and variant marks, and the Crown Designs (collectively, the "MISS USA Marks") are attached hereto as Exhibit 2.

17. Plaintiff is also the owner of a valid and subsisting U.S. Copyright Registrations for the Crown Designs, including No. VA 1-229-262 for the MISS USA Crown, VA 1-159-520 for the MISS UNIVERSE Crown, and VA 1-159-521 for the MISS TEEN USA Crown. The Crown Designs are used extensively in the promotion of Plaintiff's beauty pageants. A copy of the Copyright Registrations and corresponding deposit copies for the Crown Designs are attached hereto as Exhibit 3.

18. Over the years, Plaintiff has extensively promoted its MISS USA Marks at beauty pageants held and broadcast on television throughout the United States and the world. Plaintiff's MISS USA and MISS TEEN USA contests have been held and broadcast on television nationwide from different locations throughout the United States each year, including recent pageants in Baltimore, Maryland, Los Angeles, California, San Antonio, Texas, and Palm Springs, California.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

404364.1

1  The 2008 MISS USA Pageant will be held and broadcast live on the NBC television network from
2  the Planet Hollywood Resort and Casino in Las Vegas, Nevada on April 11, 2008.

3      19.    Plaintiff's MISS USA Marks are prominently displayed at each pageant production
4  and television broadcast, as well as on souvenirs such as programs, posters, calendars, swimwear
5  and t-shirts.  In addition, all advertisements and promotional material for each production feature
6  Plaintiff's respective MISS USA and MISS TEEN USA Marks.  Each of Opposer's MISS USA
7  and MISS TEEN USA pageants are featured on national television annually with viewership of
8  millions of U.S. viewers per pageant. These pageants are also licensed for broadcast in dozens of
9  countries and territories worldwide each year.  In addition to broadcast of the pageants themselves,
10 there is substantial media coverage of Plaintiff's MISS USA and MISS TEEN USA events each
11 year.

12     20.    The MISS USA Marks, as applied to Plaintiff's pageants, are now amongst the
13 best-known trademarks in the world.  The mark MISS USA, the sash bearing the mark MISS USA
14 worn by its titleholder, and the MISS USA Crown are all valuable indicia of the MISS USA
15 Pageant and its related goods and services.

16     21.    By virtue of the excellence of Plaintiff's services and Plaintiff's long use, extensive
17 promotion, advertising and unsolicited publicity relating to its MISS USA Marks, its beauty
18 pageants and related goods and services, Plaintiff has established a valuable reputation and has
19 achieved enormous goodwill of great value to Plaintiff in its MISS USA Marks and related
20 indicia, including the Crown Designs, throughout the world.

21     22.    In addition to its MISS USA Pageants, Plaintiff and its predecessors-in-interest
22 have established a valuable reputation and have achieved enormous goodwill of great value to
23 Plaintiff in its MISS UNIVERSE mark throughout the world used the in connection with its
24 world-famous MISS UNIVERSE Pageant, in which the titleholder of the MISS USA Pageant
25 competes against contestants from other countries for a world wide title.

26     23.    Plaintiff's MISS USA Marks, and associated indicia including the Crown Designs,
27 are exclusively associated with Plaintiff and its famous beauty pageants and related goods and

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

404364.1

services. Plaintiff's MISS USA Marks have acquired secondary meaning and are world famous as a matter of law. The MISS USA Marks became famous long prior to Defendants' adoption and use of the marks MISS MEXICO USA and SEÑORITA MEXICO USA.

### B. DEFENDANTS' INFRINGING ACTIVITIES

24. Upon information and belief, Defendants have promoted and operated beauty pageants and related services for women of Mexican heritage in Las Vegas, Nevada since approximately 2004 under the business names Adaluz Enterprises, Inc., Adaluz International, Amadeus Management, Inc., and The Miss Mexico Organization LLC. Defendants' pageants were held at the Stardust Hotel and Casino in 2006 and 2007.

25. Upon information and belief, Defendants began promoting and operating beauty pageants in the United States under the mark MISS MEXICO USA and SEÑORITA MEXICO USA (collectively "MEXICO USA Pageants") in approximately February 2008.

26. In August 2004, Defendant Perez filed a trademark application with the United States Patent and Trademark Office for the mark SEÑORITA MEXICO, USA (Ser. No. 78465954) based upon his intent to use the mark in connection with "entertainment in the nature of beauty pageants for U.S. residents of Mexican origin" ("Defendant's Application").

27. Upon information and belief, Defendant Perez has also reserved the Internet domain name <missmexicousa.com> and intends to use the domain name in connection with promotion and organization of Defendants' MEXICO USA Pageants, and the sale of related goods and services.

28. Plaintiff first became aware of Defendants' intention to use of the SEÑORITA MEXICO USA mark in connection with beauty pageants via a watch notice regarding Defendant's Application. Shortly after receiving notice of Perez's trademark filing, Plaintiff's counsel sent a cease and desist letter to Perez dated September 16, 2005, objecting to his use of the mark SEÑORITA MEXICO USA or MISS MEXICO USA, and his application to register the mark SEÑORITA MEXICO USA.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

29. On December 13, 2005, Plaintiff commenced an Opposition proceeding with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("T.T.A.B.") (Opp. No. 91168197) ("Opposition Proceeding"), objecting to Defendant Perez's registration of the SEÑORITA MEXICO, USA mark on the basis that his registration and use of the mark is likely to create confusion and deceive purchasers into believing that Defendants' services originate with or are in some way sponsored, endorsed, licensed, associated or otherwise authorized or connected with Miss Universe and that such registration and use is also likely to dilute the MISS USA and MISS TEEN USA marks as source designations for Plaintiff's world-famous pageants and pageant services.

30. In response to Interrogatories, Document Requests, and Requests for Admissions served upon him in the Opposition Proceeding, Perez continually denied he had commenced use of the mark SEÑORITA MEXICO USA. Plaintiff's independent investigations in 2005 and 2006 did not reveal any use of the marks SEÑORITA MEXICO USA or MISS MEXICO USA by Perez or Defendants.

31. During the course of the Opposition Proceeding, Perez admitted that Defendants' pageant website is located at www.adaluz.com ("Defendants' Website").

32. On or about about March 6, 2008, Plaintiff's counsel reviewed Defendants' Website and discovered Defendants were predominantly displaying unauthorized exact copies of the copyrighted MISS USA Crown on its homepage and other pages, in connection with the promotion of its MEXICO USA Pageants.

33. On or about March 6, 2008, Plaintiff's counsel also discovered that Defendants had commenced use of the marks SEÑORITA MEXICO USA and MISS MEXICO USA on Defendants' Website, in press releases, and in video promotions for the pageant broadcast on Univision.com, despite full knowledge of Plaintiff's objection thereto, including the ongoing Opposition Proceeding.

34. On or about March 6, 2008, Plaintiff's counsel also discovered that Defendants were displaying images taken at Plaintiff's MISS UNIVERSE Pageant on the "Photo Gallery"

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

404364.1

section of Defendants' Website, together with images of Defendants' beauty pageants. For example, Defendants' Website includes an "Activites" page that displays an entire "photo album" of images entitled "Miss Universe," which were taken at Plaintiff's MISS UNIVERSE Pageant. These images include photos of Donald Trump with Defendants Perez and Bolivar, and Plaintiff's MISS USA and MISS UNIVERSE titleholders and contestants. These images are displayed on Defendants' Website together with captions which include Plaintiff's trademarks, in a deliberate attempt to create a false association between Defendants and Plaintiff's world-famous MISS UNIVERSE and MISS USA pageants. Pages from Defendants' website are attached hereto as Exhibit 4.

35.   Pending the final disposition of this Action, Plaintiff is seeking suspension of its pending Opposition (No. 91168197) to Defendant Perez's trademark application for SEÑORITA MEXICO, USA, which is currently pending before the T.T.A.B.

36.   Upon information and belief, Defendants solicit potential sponsors and contestants located across the United States for its pageants. Defendants target this judicial district in marketing and promoting their pageants, in connection with which they use the marks SEÑORITA MEXICO USA and MISS MEXICO USA ("MEXICO USA Marks") and an unauthorized copy of the MISS USA Crown.

37.   The homepage and other pages of the Defendants' Website has and does predominately display unauthorized exact copies of Plaintiff's MISS USA Crown, in which Plaintiff owns U.S. Copyright and Trademark Registrations. Defendants' copying was willful and designed to trade upon the reputation for quality and goodwill which Plaintiff has expended great time, effort and funds to maintain. Compare screen shots of these pages of the Defendants' Website attached hereto as Exhibit 5 with Deposit copy for Plaintiff's Copyright Registration for MISS USA Crown attached hereto as Exhibit 2.

38.   Defendants' Website also has and does use the marks SEÑORITA MEXICO USA and MISS MEXICO USA, and an unauthorized copy of the MISS USA Crown, to promote, advertise and identify their MEXICO USA pageants and to solicit contestants for these pageants.

The Defendants' Website provides the rules and regulations for those interested in becoming contestants in the MEXICO USA pageants and allows visitors to the website to complete an application form online to become a contestant in Defendants' pageants. The Defendants' Website also provides links to Defendants' email address so that interested website visitors can interact with Defendants to obtain further information about becoming a contestant or sponsor of Defendants' pageants.

39. Upon information and belief, Defendants also use the marks SEÑORITA MEXICO USA and MISS MEXICO USA to promote and advertise their pageants in the national press, including press releases displayed on the Defendants' Website. Upon information and belief, Defendants have plans to expand the promotional reach of its pageants nationwide, including increased solicitation of contestants and sponsors across the United States.

40. Upon information and belief, Defendants' adoption and use of the marks SEÑORITA MEXICO USA and MISS MEXICO USA, including its trademark application for the mark SEÑORITA MEXICO, USA and its unauthorized copying and use of the MISS USA Crown, for which Plaintiff owns both Copyright and Trademark Registrations, is willful as a matter of law, having been adopted with knowledge of and intent to trade on and benefit from the goodwill established in the MISS USA Marks and Crown Designs by Miss Universe for beauty pageants.

41. Defendants' infringement of the MISS USA Marks has occurred despite actual notice and full knowledge of Plaintiff's prior rights and registrations in and to the world famous MISS USA Marks and with the intent to trade on and benefit from the goodwill established in the MISS USA Marks by Miss Universe. Despite Plaintiff's institution of an Opposition Proceeding in the TTAB to prevent Defendant's registration of the SEÑORITA MEXICO USA mark, Defendants blatantly reproduced and display an exact copy of Plaintiff's copyrighted and trademarked MISS USA Crown design on their pageant website, together with the marks SEÑORITA MEXICO USA and MISS MEXICO USA, and images of Defendants with Plaintiff's

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1

1  titleholders and Mr. Trump at a MISS UNIVERSE pageant, to identify, promote and advertise
2  their company and their pageant services.
3     42. Defendants' adoption and use of the MISS USA Crown, and the SEÑORITA
4  MEXICO USA and MISS MEXICO USA marks is therefore willful as a matter of law pursuant to
5  15 U.S.C. 1117(b).  By their willful infringement of Miss Universe's Marks, Defendants are
6  seriously and irreparably damaging Miss Universe and the goodwill it has accumulated for over
7  50 years.
8     43. Defendants' acts infringe as a matter of law, and unfairly compete with the MISS
9  USA Marks.  Defendants' acts will also dilute the reputation of Miss Universe for the promotion
10 and operation of high quality pageant services.
11    44. For all of the foregoing reasons, Defendants' use and registration of the
12 SEÑORITA MEXICO USA mark, and its use of the MEXICO USA Marks is likely to result in
13 confusion and is likely to mislead the public into falsely believing that Miss Universe sponsors,
14 approves, licenses, or is associated or affiliated with the Defendants, and Defendants' pageants.
15 Such confusion is exacerbated by Defendants' unauthorized use of a copy of the MISS USA
16 Crown and photos of Defendants Perez and Bolivar with Plaintiff's titleholders and Mr. Trump,
17 and is clearly intended to mislead consumers and to trade on the good will in the MISS USA
18 Marks.
19    45. Defendants' intentional and unauthorized use of the marks SEÑORITA MEXICO
20 USA and MISS MEXICO USA is also likely to dilute the famous MISS USA Marks as a source
21 designation for Miss Universe's world-famous pageants and pageant services.

**COUNT I**
**(**Willful Copyright Infringement
in Violation of 17 U.S.C. § 101 *et seq*.)

24    46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45
25 as if fully set forth herein.
26    47. Defendants, with full knowledge of Plaintiff's rights, willfully infringed Plaintiff's
27 copyrighted Crown Designs by reproducing and displaying an exact copy of Plaintiff's MISS USA

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

404364.1

1  Crown design, which is also substantially similar to, and is copied and derived from the

2  copyrightable elements of the Crown Designs in violation of Plaintiff's rights under the Copyright

3  Act.

4      48.    Upon information and belief, Defendants copied the MISS USA Crown Design

5  intentionally and despite notice of Plaintiff's copyrights for the specific purpose of infringing

6  Plaintiff's copyrights.

7      49.    By reason of Defendants' intentional and willful copyright infringement of the

8  Crown Designs, including an exact copy of the MISS USA Crown design, Plaintiff has been and

9  will continue to be irreparably harmed unless Defendants are permanently enjoined from their

10  unlawful conduct.

11      50.    Plaintiff has no adequate remedy at law.

12      51.    Plaintiff is entitled to injunctive relief and an award of statutory damages with

13  respect to each separate work which has been willfully infringed.

**COUNT II**
(Willful Infringement of Registered
Trademarks in Violation of Section 32
of the Lanham Act, 15 U.S.C. § 1114)

17      52.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51,

18  as if fully set forth herein.

19      53.    Defendants have infringed Plaintiff's registered MISS USA Marks by unauthorized

20  use of the MISS USA Crown design and the marks SEÑORITA MEXICO USA and MISS

21  MEXICO USA on and in connection with Defendants' pageants and services without Plaintiff's

22  permission or consent, with the intent to deceive the public, and in willful disregard of the

23  Plaintiff's rights.

24      54.    Defendants' activities are likely to lead to and result in consumer confusion,

25  mistake, or deception, and are likely to cause consumers and the public to believe that Plaintiff has

26  produced, sponsored, authorized, licensed or otherwise approved Defendants' use of the MISS

27  USA Crown and MEXICO USA Marks.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1

55. Plaintiff has been and will continue to be irreparably harmed unless Defendants are enjoined from their unlawful conduct.

56. Plaintiff has no adequate remedy at law.

57. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT III**
(Unfair Competition and False Designation
of Origin or Sponsorship Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

58. Plaintiff repeats and alleges the allegations contained in paragraphs 1 through 57, as if fully set forth herein.

59. By virtue of substantial sale, promotion and media attention of the MISS USA Pageants exploiting the MISS USA Marks and Crown Designs, and Plaintiff's strict control of the quality of the goods and services provided in connection therewith, the MISS USA Marks and Crown Designs have come to identify Plaintiff as the source of the MISS USA Pageants and related goods and services in the minds of the consumer.

60. Defendants' predominant use of MISS USA Crown design, together with the MEXICO USA Marks and images of Defendants Perez and Bolivar with Plaintiff's titleholders and one of its owners, Mr. Trump, give the impression that their pageants and other goods and services are endorsed, sponsored, authorized or associated with Plaintiff, when in fact they are not.

61. Defendants' use of the MEXICO USA Marks, Crown Designs and images of Plaintiff's titleholders and one of its owners, Donald Trump, constitutes unfair competition and willful false designation of origin and false and misleading description and representation of fact, which is likely to cause confusion or mistake, or to deceive the relevant purchasing public as to the origin or sponsorship of Defendants' pageants and services.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1

62. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' willful and unlawful actions unless Defendants are enjoined from their unlawful conduct.

63. Plaintiff has no adequate remedy at law.

## COUNT IV
(Common Law Unfair Competition)

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 63, as if fully set forth herein.

65. Defendants' unlawful appropriation of Plaintiff's rights in its MISS USA Marks through use of the MEXICO USA Marks, unauthorized copies of the MISS USA Crown design, and images of Defendants Perez and Bolivar with Plaintiff's titleholders and one of its owners, Mr. Trump, were intended to capitalize for Defendants' own pecuniary gain on the goodwill and excellent reputation of Plaintiff and Plaintiff's MISS USA Marks, which Plaintiff has expended substantial time, resources and effort to obtain. Thereby, Defendants have been unjustly enriched and are benefiting from property rights, which rightfully belong to Plaintiff.

66. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful actions unless Defendants are enjoined from their unlawful conduct.

## COUNT V
(Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))

67. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 66, as if fully set forth herein.

68. Plaintiff's MISS USA Marks have become famous as a matter of law, and acquired such fame long before Defendants adopted and began use of the MEXICO USA Marks.

69. In the unauthorized use of the MEXICO USA Marks, Defendants willfully traded on Plaintiff's reputation in its MISS USA Marks causing the dilution of the distinctive quality of Plaintiff's world famous MISS USA Marks.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1

70. Plaintiff has been harmed and will continue to be irreparably harmed as a result of Defendants' unlawful actions unless Defendants are enjoined from their unlawful conduct.

71. Plaintiff has no adequate remedy at law.

## COUNT VI
(Nevada State Trademark Dilution
Under N.R.S. § 600.435)

72. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 71, as if fully set forth herein.

73. Plaintiff's MISS USA Marks are famous in the State of Nevada, and acquired such fame long before Defendants adopted and began use of the MEXICO USA Marks.

74. Defendants' use of the MEXICO USA Marks and the MISS USA Crown design in connection with their pageants and services harms Plaintiff's business reputation and dilutes the distinctive quality of the world famous MISS USA Marks.

75. Upon information and belief, Defendants' use of the MEXICO USA Marks and the MISS USA Crown design was willful in nature, in that Defendants intended to cause dilution of the MISS USA Marks or willfully intended to trade on the Plaintiff's reputation.

76. As a direct and proximate result of Defendants' dilution of the MISS USA Marks, Plaintiff has suffered, and will suffer, irreparable injury to its business, reputation, and goodwill.

77. Plaintiff has no adequate remedy at law.

## COUNT VII
(Deceptive Trade Practices
Under N.R.S. § 598.0915)

78. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 77, as if fully set forth herein.

79. Upon information and belief, in the course of conducting business, Defendants knowingly made false representations as to an affiliation, connection, and/or association with the Plaintiff by using marks identical and/or confusingly similar to the MISS USA Marks and Crown Designs, and otherwise engaged in deceptive trade practices.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

80. As the direct and proximate result of Defendants' deceptive conduct, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**PRAYER FOR RELIEF**

WHEREFORE, on Count I, Plaintiff demands judgment against Defendants as follows:

A. For an order providing that Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be permanently enjoined from using the Crown Designs and all images incorporating elements substantially similar to the Crown Designs, including removal of all Crown Designs from their websites, and from any other promotions, advertisements or other goods or materials used in connection with the selling, offering to sell, advertising, or providing pageants and related goods and services; and

B. For an order providing that Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be directed immediately to recall all promotions, advertisements and other goods or materials which include a copy of any of the Crown Designs and all images incorporating elements substantially similar to the Crown Designs; and

C. For an order providing that Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be directed to deliver under oath, to be impounded and destroyed, all originals, copies, facsimiles, and duplicative of all goods and materials bearing infringements of the Crown Designs and all images incorporating elements substantially similar to the Crown Designs; and

D. For an order directing the Defendants to disclose to Plaintiff the identity and location of any and all manufacturers, converters, distributors or other suppliers of products bearing infringements of the Crown Designs and all images incorporating elements substantially similar to the Crown Designs within their knowledge; and

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

404364.1

E.    For a judgment against Defendants for all gains, profits, and other advantages derived from their willful violations of Plaintiff's copyrights, including attorney's fees, and other compensatory damages as the Court determines to be fair and appropriate; and

F.    For a judgment against Defendants for statutory damages for each infringement specified herein in a minimum amount of $30,000 per infringement, pursuant to 17 U.S.C. §505; and

G.    For a judgment against Defendants for their willful conduct, including statutory damages for each infringement specified herein in a minimum amount of $150,000 per infringement along with attorney's fees pursuant to 17 U.S.C. § 505; and

H.    For such other relief as this Court deems proper and necessary.

WHEREFORE, on Counts II, III, IV, V, VI, and VII, Plaintiff demands judgment against Defendants on its as follows:

I.    That Defendants, their agents, servants, employees, licensees, sponsors, associates, and attorneys, and all persons acting by, through, or in active concert with any of them, be permanently enjoined:

    i.    From using the Crown Designs, and the marks, names or titles SEÑORITA MEXICO USA and MISS MEXICO USA, and the domain name <missmexicousa.com>, or any name or mark confusingly similar to the MISS USA Marks;

    ii.    From using the Crown Designs, and marks, names or titles SEÑORITA MEXICO USA and MISS MEXICO USA, the domain name <missmexicousa.com>, images of Plaintiff's titleholders and Mr. Trump, or committing any other act which falsely represents or which has the effect of falsely representing that the goods or services of the Defendants are licensed, authorized by, or in any way associated with Plaintiff;

    iii.    From otherwise infringing Plaintiff's registered trademarks;

    iv.    From otherwise unfairly competing with Plaintiff; and

    v.    From otherwise diluting or tarnishing Plaintiff's marks and business reputation.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1

1       J.      That Defendants account to Plaintiff for all gains, profits and advantages derived

2 from Defendants' wrongful acts, including disgogrgement of the profits unjustly earned by

3 Defendants;

4       K.      That Plaintiff recover from Defendants all of Defendants' profits and all damages,

5 including lost profits, sustained by Plaintiff as a result of Defendants' wrongful acts, and such

6 other compensatory damages as the Court determines to be fair and appropriate, pursuant to

7 15 U.S.C. § 1117(a) and Nevada State law;

8       L.      That Plaintiff be awarded all the costs, disbursements and attorneys' fees incurred

9 by Plaintiff in bringing this claim, pursuant to 15 U.S.C. § 1117;

10       M.      That Plaintiff be awarded three times the amount of the above profits or damages,

11 whichever is greater, pursuant to 15 U.S.C. § 1117(b);

12       N.      That the United States Patent and Trademark Office sustain Plaintiff's opposition

13 (No. 91168197) and refuse registration of Defendants' pending application for SEÑORITA

14 MEXICO, USA (Ser. No. 78465954);

15       O.      That Defendants be required to transfer their rights in the domain name

16 <missmexicousa.com> to Plaintiff;

17       P.      That Defendants be required to remove all images of Plaintiff's titleholders and

18 Mr. Trump from Defendants' Website; and

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1

1  Q. Such other and further relief as this Court may deem just and proper.

2  DATED: March 18, 2008.

3                                         LEWIS AND ROCA LLP

5                                         By: _____
                                              JOHN L. KRIEGER
6                                             JENNIFER K. CRAFT
                                              3993 Howard Hughes Parkway, Suite 600
7                                             Las Vegas, Nevada 89169
                                              (702) 949-8200

                                              MARYA LENN YEE
9                                             (*pro hac vice application to be submitted*)
                                              ANDREA L. CALVARUSO
10                                            (*pro hac vice application to be submitted*)
                                              DONOVAN & YEE LLP
11                                            The Soho Building
                                              110 Greene Street, Suite 700
12                                            New York, New York 10012
                                              (212) 226-7700

                                              Attorneys for Plaintiff

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

404364.1